UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) | CR-13-63-F |
| SPIROS ATHANAS ) | |
| ) | |
| Defendants ) | |

**SPIROS ATHANAS' MOTION TO DISMISS INDICTMENT
FOR FAILURE OF VENUE WITH INCORPORATED
MEMORANDUM OF LAW**

Now comes the Defendant, Spiros Athanas, by and through undersigned counsel, pursuant to Article III, Section 2 of the U.S. Constitution, the Sixth Amendment, and Fed.R.Crim.P. 12(3)(A)(i) and 18, and hereby moves the Court for an order dismissing Counts One through Three, which charge that Mr. Athanas was a member of a RICO conspiracy in violation 18 U.S.C. §1962(d) (Count 1), a bookmaking operation in violation 18 U.S.C. §1955 (Count 2), and a money laundering conspiracy in violation of 18 U.S.C. §1956(h) (Count 3).  As grounds and reasons therefore, taking all of the facts presented to date (or to be proffered by the government in the future), there is no legal basis to prosecute Mr. Athanas for any of the charged crimes in the Western District of Oklahoma, particularly given the Court's James Orders (Dkt. Entries 1021 and 1224), holding that the government has failed to prove, even by a preponderance of the evidence, that Mr.

1

Athanas was a member of the conspiracies charged in Counts 1 and 3. *See* Fed.R.Crim.P. 12(3) (holding that motions to dismiss for improper venue can be made and resolved pretrial "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits").[1] To the extent the government believes there are any additional facts, not yet presented to the Court and material to the issue of venue, the government can proffer any such facts to the Court at this time, which Mr. Athanas reasonably expects would be undisputed for purposes of resolving the issue of venue. *See United States v. Pope*, 613 F.3d 1255 (10th Cir.2010) (noting that venue motions can be decided prior to trial, and even motions to dismiss based on facts outside the indictment can be resolved pretrial where there are no disputed facts, the government does not object, and the court can determine from the undisputed facts that, "*as a matter of law,* the government is incapable of proving its case beyond a reasonable doubt"); *United States v. Ayo*, 801 F.Supp.2d 1323 (S.D.Ala.2011) (holding that pretrial

---

[1] As the Court knows, in the matter of *United States v. Paul Tucker*, the government orally argued that Mr. Tucker waived any right to argue improper venue at trial, and affirmatively asserted that improper venue is a matter that must be raised pretrial. The government has since formalized its position in writing, *see* Dkt. 1226, where the government again argued that Mr. Tucker was required to litigate the issue of venue pretrial, rather than during trial. Dkt. 1226. Indeed, in opposing Tucker's arguments, the government explicitly asserts that any argument that venue required a "trial on the merits" was without merit, and that Tucker "waived improper venue by failing to timely raise their challenge" pretrial. Dkt. 1226 at 3. Surely, the government cannot argue, in this matter, that venue should be reserved for trial, as the doctrine of judicial estoppel cautions against permitting parties from taking inconsistent positions in the same litigation. *See, e.g., Tadlock v. Marshall County HMA, LLC*, 2015 WL 777288, *10 (10th Cir.2015) (noting that doctrine of judicial estoppel "is explicitly designed to prevent parties from taking inconsistent positions before a court").

2

motion to dismiss for improper venue could be decided pretrial when based on undisputed facts and involved only an issue of law); *United States v. Natividad-Garcia*, 560 F.Supp.2d 561 (W.D.Tex.2008) (affirming magistrate report and recommendation that prosecution for failing to register as a sex offender, pursuant to 18 U.S.C. §2250(a), be dismissed for lack of venue in Texas); *United States v. Forrester*, 2002 WL 1610940 (S.D.N.Y.2002).

The defendant further relies on the memorandum of law incorporated herein.

### Memorandum of Law

I.  Introduction.

On or about August 21, 2013, a grand jury returned a sixteen (16) count Superseding Indictment charging Mr. Athanas and others with a racketeering conspiracy (Count 1), running a gambling business (Count 2), engaging in a money laundering conspiracy (Count 3), and conducting particularized laundering transactions (Counts 4-16). On July 3, 2014, the Court ordered that Counts 4-16 must be dismissed for improper venue. *See* Dkt. 848. On November 8, 2013, Mr. Athanas moved to dismiss counts 1 and 3 for improper venue. Dkt. 516. On December 5, 2013, the government opposed the motion, asserting, *inter alia*, that "[v]enue in the Western District of Oklahoma will be properly established at trial by a preponderance of the evidence through proof offered by the government that overt acts and other parts of the alleged crimes were committed in this district."

Dkt. 597 at 4.  On January 9, 2014, the Court denied Mr. Athanas' motion to dismiss Counts 1 and 3.  Dkt. 649.

There have been significant developments since January 9, 2014.  First, on December 1, 2014, after "more than 43 hours of proceedings" over the course of numerous court dates (April 3 and 4 and September 23 - 25, 2014), which generated "nearly 1700 pages of transcript," the Court ordered that the government failed to prove, by a preponderance of the evidence, that Mr. Athanas was a member of the RICO conspiracy charged in Count 1.  *See* James Order (Dkt. 1021) at 4, 28-43.  Second, on February 20, 2015, after approximately six (6) days of trial in the matter of *United States v. Paul Tucker*, and after briefing by the parties in this case (*see* Dkt. Entries 1068 and 1099), the Court notified the parties that it had also concluded that the government failed to prove, even by a preponderance of the evidence, that Mr. Athanas was a member of the money laundering conspiracy charged in Count 3.  The Court's has since entered a written Order.  Dkt. 1224.  Third, during and after the trial of defendant Tucker, the government affirmatively argued that because Tucker did not seek a pretrial ruling on the sufficiency of venue, he was barred from raising the issue during trial.  *See* Dkt. 1226.

II.   Argument.

   A.   *The Western District of Oklahoma is not a proper venue for any prosecution of Mr. Athanas*.

"Proper venue in criminal proceedings was a matter of concern to the Nation's founders." *United States v. Cabrales*, 524 U.S. 1, 6 (1998). "Their complaints against the King of Great Britain, listed in the Declaration of Independence, included his transportation of colonists 'beyond Seas to be tried,'" and the "Constitution twice safeguards the defendant's venue right: Article III, §2, cl.3, instructs that 'Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed'; the Sixth Amendment calls for trial 'by an impartial jury of the State and district wherein the crime shall have been committed.'" *Cabrales*, 524 U.S. at 6. "Rule 18 of the Federal Rules of Criminal Procedure, providing that 'prosecution shall be had in a district in which the offense was committed,' echoes the constitutional commands." *Cabrales*, 524 U.S. at 6.

While venue as to all members of a conspiracy lies "'either in the jurisdiction in which the conspiratorial agreement was formed or in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators,'" *United States v. Kane*, 520 Fed.Appx. 761, 767 (10th Cir.2013), *quoting United States v. Rinke*, 778 F.2d 581, 584 (10th Cir.1985), the Court has ruled, after extensive *James* hearings at which the government was permitted to present any and all evidence in its possession (without any limitation)

5

regarding the charged conspiracies, that the government has failed to prove to a preponderance of evidence (arguably the same standard applicable to venue decisions) that Mr. Athanas was a member of either conspiracy charged in this case. Thus, to whatever extent venue can rest on the conduct of co-conspirators, like the excluded co-conspirator statements, such conduct cannot be attributable to Mr. Athanas as to venue.

In its James Order, the Court addressed, in exacting detail, each of the government's arguments as to Mr. Athanas' alleged participation in the alleged Legends enterprise, including but not limited to the government's arguments concerning book-to-book transfers, funds transfers via Alan Gould, the Superbook establishment, the alleged partnership between Mr. Athanas and Mr. King, and the alleged merchant processing ventures via Elite Pay Systems and NxPay. *See* James Order (Dkt. 1021) at 29-42. In so holding, the Court observed that "even with an indulgent view of the evidence cited by the government, the evidence does not show that Athanas was a member of the conspiracy charged in Count 1." James Order at 28-29. The Court ultimately concluded that the "evidence against Athanas does not match up with the charges in the Superseding Indictment," and that "the evidence does not persuade the court that Athanas was a co-conspirator in the Legendz RICO conspiracy." James Order (Dkt. 1021) at 42-43. The Court has likewise now ruled, after full briefing by the parties, "that the government has not proved by a preponderance of the evidence that Athanas was a member of the Count 3 money laundering conspiracy." Dkt. 1224 at 11.

6

Given these foundational rulings, it is clear the government cannot establish that venue lies in the Western District of Oklahoma for a prosecution of Mr. Athanas, whether or not the government can prove that some overt act in furtherance of either charged conspiracy was committed by others in the Western District of Oklahoma, or that the agreement was formed at least in part in this jurisdiction.  The Court instructed the jury in the Tucker matter that it was obligated to find the government proved the conspiracies charged in this case, not some other conspiracy, and the government must prove a single conspiracy (as to Count 1 and Count 3).  *See, e.g*., Instruction No. 33.  The government has not challenged these legally proper instructions.  As such, whether or not Mr. Athanas engaged in any other, uncharged conduct, or became a member of any other uncharged conspiracy, no such conduct or conspiracy has been charged in this case and, in any event, there are no facts that would support venue in the Western District of Oklahoma for any such different conduct or conspiracy.[2]

To the extent the government believes there are additional facts, not yet presented to the Court and material to the issue of venue, Mr. Athanas has no objection to the government proffering any such facts to the Court as officers of the Court, either in an affidavit or some other format satisfactory to the Court.  In

---

[2] While the Court's James Orders have properly focused on Counts 1 and 3, the government's failure of proof as to Mr. Athanas also fatally undermines any assertion that venue exists in the Western District of Oklahoma as to Count 2. There simply are no facts to support the proposition that Mr. Athanas was a member of any Legends gambling operation that arguably existed in the Western District of Oklahoma as charged in Count 2.

the end, Mr. Athanas respectfully submits the government will be unable to muster sufficient facts to justify a prosecution of Mr. Athanas in the Western District of Oklahoma.

    B.    *The issue of venue, which raises important constitutional interests, should be resolved pretrial*.

Of course, ensuring proper venue for any prosecution was vitally important to the framers of our Constitution, as reflected by the fact it is mentioned two separate times in the Constitution. *See Cabrales*, 524 U.S. at 6 (discussed *supra*). Given the constitutional interests at stake, the Court should resolve the issue of venue at the pretrial stage, without subjecting Mr. Athanas to a legally improper prosecution in an improper jurisdiction.

The Court clearly has the authority to do so, particularly when the facts pertinent to the issue of venue are undisputed (for present purposes). For example, in *United States v. Pope*, 613 F.3d 1255 (10th Cir.2010), the Court stated:

> Accepting that Rule 12(b)(2) has long governed, and continues to govern, federal criminal proceedings, what motions might be said to be susceptible to pretrial determination without implicating what the Rule calls "trial of the general issue"? They fall into two general categories. First, some pretrial motions simply do not implicate the general issue at all. These include motions related to what evidence might be admitted at trial (*e.g.,* suppression motions), or the conduct of and preparation for trial (*e.g.,* joinder of offenses and codefendants, *venue*, bills of particulars, and discovery), for example. *See* Wright & Leipold, *supra,* § 191, at 390–92. They also include other motions that seek and result in dismissal of the case altogether but that can be decided, at least in the circumstances of the case at hand, without deciding any disputed questions of fact about the circumstances of the alleged crime (*e.g.,* some speedy trial violations). *See id.* So long as a motion implicates "fact[s] peculiar to the motion," and not facts surrounding the question of guilt or innocence, it can't be said to implicate the general issue. *Covington*, 395 U.S. at 60, 89 S.Ct. 1559. *See*

> *also* Rule 12(d) (requiring district court to state its "essential findings on the record"). Motions of this kind, however, may involve only the taking of evidence that is "entirely segregable from the evidence to be presented at trial." *United States v. Barletta*, 644 F.2d 50, 58 (1st Cir.1981).
>
> Second, other motions may implicate the general issue, but they present themselves for resolution before trial because they don't require a *trial* of the general issue. So, for example, a court may always ask "whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offence" and dismiss the indictment if its allegations fail that standard. *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir.2006). Even if this question can be fairly said to implicate the general issue, it doesn't require a *trial* because it focuses solely on the facts alleged in the indictment and their *legal* adequacy. *See United States v. Sampson*, 371 U.S. 75, 78-80, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962). Of course and likewise, courts may entertain motions that require it to answer only pure questions of law. *See, e.g., Covington*, 395 U.S. at 60, 89 S.Ct. 1559; *Serfass v. United States*, 420 U.S. 377, 382, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *see also* Wright & Leipold, *supra,* § 191, at 392–93. *And, we have held, courts may entertain even motions to dismiss that require resort to facts outside the indictment and bearing on the general issue in the "limited circumstances" where "[1] the operative facts are undisputed* and [2] the government fails to object to the district court's consideration of those undisputed facts," and [3] the district court can determine from them that, " *as a matter of law,* the government is incapable of proving its case beyond a reasonable doubt." *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir.1994).

(first and second emphasis added; third emphasis in original). Here, the issue is obviously one of venue, which the Tenth Circuit identified as not involving the "general issue." Moreover, even if the Court needs to consider facts outside the face of the indictment, any such facts should be undisputed for purposes of deciding the venue issue. As such, according to *Pope*, the issue of venue, as a matter of law, is ripe for the Court's consideration.

Likewise, in *United States v. Ayo*, 801 F.Supp.2d 1323 (S.D.Ala.2011), the court concluded it possessed the authority to adjudicate the venue issue pretrial

9

where the facts regarding the venue issue were undisputed. In that case, unlike this case, the government asserted that venue was only ripe for adjudication at the trial stage. In confronting that argument, the court first distinguished Eleventh Circuit authority cited by the government, holding that, in *United States v. Snipes*, 611 F.3d 855 (11th Cir.2010), the court "did not purport to rule that a trial court cannot make a legal evaluation of venue before trial based on an agreed or undisputed statement of facts." *Ayo*, 801 F.Supp.2d at 1327. After rejecting the government's construction of the Eleventh Circuit precedent, the court buttressed its finding that venue could be properly adjudicated pretrial, based on undisputed facts, by noting "a seeming tension between the government's position and the constitutional provisions concerning venue," holding that both constitutional "provisions speak of the defendant's right to be tried in a correct venue, not simply the right not to be convicted in an incorrect venue." *Ayo*, 801 F.Supp.2d at 1328. Observing that "[w]henever a defendant is tried in an incorrect venue despite his timely objection, his constitutional right to be tried in a correct venue is impacted," the court held that such impact "may be unavoidable when it is only the jury's determination of the facts that establishes the impropriety of the government's chosen venue, but when as here there are no disputed facts and only legal questions concerning the significance or sufficiency of the undisputed facts, a rule that would preclude judicial resolution of venue before trial seems neither unavoidable nor particularly respectful of these constitutional guarantees." *Ayo*, 801 F.Supp.2d at 1328.

The rationale employed by the Court in *Ayo* applies equally here. Forcing Mr. Athanas to trial in an incorrect venue impermissibly infringes upon his constitutional guaranty to be tried only in a proper venue. Critically, this is not unavoidable here because adjudicating the venue issue does not, here, require an assessment of disputed facts to be resolved by a jury. Instead, "here there are no disputed facts and only legal questions concerning the significance or sufficiency of the undisputed facts," and the Court therefore has a proper platform to rule on the issue of venue. *Ayo*, 801 F.Supp.2d at 1328. As the Ayo Court observed, a "rule that would preclude judicial resolution of venue before trial seems neither unavoidable nor particularly respectful of" Mr. Athanas' "constitutional guarantees." *Ayo*, 801 F.Supp.2d at 1328; *see also United States v. Natividad-Garcia*, 560 F.Supp.2d 561 (W.D.Tex.2008) (affirming magistrate report and recommendation that prosecution for failing to register as a sex offender, pursuant to 18 U.S.C. §2250(a), be dismissed for lack of venue in Texas); *United States v. Forrester*, 2002 WL 1610940 (S.D.N.Y.2002) (holding that court had authority to adjudicate venue pretrial based upon undisputed facts, including facts proffered by government on the issue of venue; "[t]his Court, therefore, need not wait until trial to rule on the defendant's legal challenge to venue."); *United States v. Herron*, 2014 WL 949008 (E.D.N.Y.2014) ("A court may consider documents outside of the indictment but cannot give any weight to contrary factual assertions made by the defendant. In rare cases 'where ... the government has provided the Court with a 'full proffer' of the facts it intends to introduce at trial to establish venue, the

Court may decide whether venue is proper before trial.'") (*citing Forrester*).

Lastly, and importantly, the government cannot now object to resolution of venue pretrial. As set forth in footnote 1 *supra*, the government has already assumed the litigation position that venue must be raised and resolved pretrial. Dkt. 1226. The doctrine of judicial estoppel should preclude the government from now arguing, in this matter, that venue should be reserved for trial. *See, e.g., Tadlock v. Marshall County HMA, LLC*, 2015 WL 777288, *10 (10th Cir.2015) (noting that doctrine of judicial estoppel "is explicitly designed to prevent parties from taking inconsistent positions before a court").

III.  Conclusion.

The defendant respectfully submits that the Superseding Indictment should be dismissed, as to him, because venue does not exist to prosecute him in the Western District of Oklahoma.

>
> Respectfully submitted,
> The Defendant,
> By His Attorney,
>
> **/s/ Robert M. Goldstein**
> Robert M. Goldstein, Esq.
> Admitted *Pro Hac Vice*
> (Mass. Bar No. 630584)
> 20 Park Plaza, Suite 1000
> Boston, MA 02116
> (617) 742-9015
> rmg@goldstein-lawfirm.com

Dated: March 17, 2015

12

## **Certificate of Service**

      I, Robert M. Goldstein, hereby certify that on this date, March 17, 2015, a copy of the foregoing document has been served via the Electronic Court Filing system on all registered participants, including Assistant U.S. Attorney Susan Cox.

                                        **/s/ Robert M. Goldstein**
                                        Robert M. Goldstein